IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY WILLIAMS,

    Plaintiff,

vs.

A. SANTA CRUZ, et al.,

    Defendants.

CV F 03 6048 OWW WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the second amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Lancaster, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at the California Substance Abuse Treatment Facility at Corcoran.

    Plaintiff's sole claim in this complaint is that defendants punished him on the basis of his exercise of his religious beliefs. Specifically, Plaintiff alleges that he was order to shave his beard, which he refused to do on religious grounds. As a result, defendant Santa Cruz "ordered that I be deprived of yard for 30 days on 2-6-03 for refusing to shave."

    The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")

1  provides:

2   No government shall impose a substantial burden on the religious exercise of a
    person residing in or confined to an institution. . . , even if the burden results from
3   a rule of general applicability, unless the government demonstrates that
    imposition of the burden on that person–
4   (1) is in furtherance of a compelling government interest; and
    (2) is the least restrictive means of furthering that compelling government
5   interest.

6  42 U.S.C. § 2000cc-1.  Plaintiff bears the initial burden of demonstrating that defendants

7  substantially burdened the exercise of his religious beliefs.  Warsoldier v. Woodford, 418 F.3d

8  989, 994-95 (9th Cir. 2005).  If plaintiff meets his burden, defendants must demonstrate that

9  "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a

10 compelling governmental interest *and* the least restrictive means of furthering that compelling

11 governmental interest."  Id. (emphasis in original).  "RLUIPA is to be construed broadly in favor

12 of protecting an inmate's right to exercise his religious beliefs."  Id.

13        Assuming the facts of the amended complaint as true, Plaintiff has alleged that he

14 was not allowed to go to yard for 30 days.  "'[S]ome form of regular outdoor exercise is

15 extremely important to the psychological and physical well being of the inmates.'"  Allen v.

16 Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th

17 Cir. 1979)).  Thus, "[the] deprivation of outdoor exercise [can] constitute cruel and unusual

18 punishment."  Allen, 48 F.3d at 1087.  While the temporary denial of outdoor exercise with no

19 medical effects is not a substantial deprivation, May v. Baldwin, 109 F.3d 557, 565 (9th Cir.

20 1997), in this Circuit, the deprivation of regular outdoor exercise for a period of almost ten

21 months is unquestionably sufficient to meet the objective requirement of the Eighth Amendment

22 analysis.  Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (denial of all outdoor exercise

23 for six weeks meets objective Eighth Amendment requirement); Allen, 48 F.3d at 1086-88

24 (forty-five minutes of outdoor exercise per week for six weeks meets objective Eighth

25 Amendment requirement).

26

Here, Plaintiff has alleged, at most, a denial of access to the yard for 30 days. There are no allegations that Plaintiff was denied exercise such that it constitutes a substantial deprivation as described above. Further, there are no allegations that Plaintiff was deprived of the religious exercise in question - the growing of his beard.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

1  there is some affirmative link or connection between a defendant's actions and the claimed

2  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

3  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

4         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

5  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

6  amended complaint be complete in itself without reference to any prior pleading.  This is

7  because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux</u>

8  <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

9  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

10 original complaint, each claim and the involvement of each defendant must be sufficiently

11 alleged.

12        In accordance with the above, IT IS HEREBY ORDERED that:

13        1.  Plaintiff's second amended complaint is dismissed; and

14        2.  Plaintiff is granted thirty days from the date of service of this order to file a

15 third amended complaint that complies with the requirements of the Civil Rights Act, the Federal

16 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

17 docket number assigned this case and must be labeled "Third Amended Complaint."  Failure to

18 file an amended complaint in accordance with this order will result in a recommendation that this

19 action be dismissed.

21 IT IS SO ORDERED.

22 **Dated:   November 30, 2006**        /s/ **William M. Wunderlich**
   mmkd34                                UNITED STATES MAGISTRATE JUDGE