IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY WILLIAMS,

       Plaintiff,                 CV F 03 6048 OWW WMW   P

  vs.                           ORDER FINDING COMPLAINT
                                  STATES A COLORABLE CLAIM
                                  AND DIRECTING PLAINTIFF
                                  TO COMPLETE USM 285 FORMS

A. SANTA-CRUZ, et al.,

       Defendants.

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the Decembe 20, 2006, third amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Lancaster, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at the California Substance Abuse Treatment Facility at Corcoran.

Plaintiff's sole claim in this complaint is that defendants

1

punished him on the basis of his exercise of his religious beliefs. Specifically, Plaintiff alleges that he was order to shave his beard, which he refused to do on religious grounds. As a result, defendant Santa Cruz "ordered that I be deprived of yard for 30 days on 2-6-03 for refusing to shave."

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is both in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Assuming the facts of the amended complaint as true, Plaintiff has alleged that he was not allowed to go to yard for 30 days. "'[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates.'" Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189,

199 (9th Cir. 1979)).  Thus, "[the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment."  Allen, 48 F.3d at 1087.  While the temporary denial of outdoor exercise with no medical effects is not a substantial deprivation, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), in this Circuit, the deprivation of regular outdoor exercise for a period of almost ten months is unquestionably sufficient to meet the objective requirement of the Eighth Amendment analysis.  Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (denial of all outdoor exercise for six weeks meets objective Eighth Amendment requirement); Allen, 48 F.3d at 1086-88 (forty-five minutes of outdoor exercise per week for six weeks meets objective Eighth Amendment requirement).

Here, Plaintiff has alleged, at most, a denial of access to the yard for 30 days.  There are no allegations that Plaintiff was denied exercise such that it constitutes a substantial deprivation as described above.   Plaintiff has, however, alleged that he has been denied parole based on the disciplinary actions taken against him for not shaving his beard.

As to Defendant Santa-Cruz, Plaintiff has stated a colorable claim for relief.  As to Defendants Warden Adams and CDC Director Alameida, Plaintiff may not hold these individuals liable solely in their capacity as supervisory officials. Liability may be imposed on supervisorial defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**Plaintiff does not allege that defendant Magarian participated in, or knew of and failed to prevent, the alleged wrongs. Their sole conduct in this action relates to their participation in the inmate grievance process.**

1. **Service is appropriate for the following defendant:**

    **A. SANTA-CRUZ**

2. **The Clerk of the Court shall send plaintiff one USM-285 form, one summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the amended complaint filed December 20, 2006.**

3. **Within thirty (30) days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:**

    a. **Completed summons;**

    b. **One completed USM-285 form for each defendant listed above; and**

    c. **Two copies of the endorsed amended complaint filed December 20, 2006.**

4. **Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.**

5. <u>**The failure to comply with this order will result in a recommendation that this action be dismissed.**</u>

IT IS SO ORDERED.

**Dated:   August 22, 2007**          /s/  **William M. Wunderlich**
                                      UNITED STATES MAGISTRATE JUDGE